## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CARL VELLERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 07-4252-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss with Suggestions in Support (Doc. # 5).

## I. BACKGROUND

Plaintiff Carl Velleri applied for Social Security benefits, claiming he became disabled on February 2, 2000, due to mobility problems, bipolar disorder, anxiety disorder, stomach problems, back problems, hearing loss, flashbacks, and a prostate problem. On February 7, 2007, an Administrative Law Judge denied Plaintiff's claim for benefits under Title II of the Social Security Act. Plaintiff requested a review of this decision, which was denied by the Appeals Council. On October 3, 2007, the Council sent Plaintiff a notice of the denial and of his right to commence a civil action within 60 days from the date of receipt, as per 42 U.S.C.§ 405(g). The notice stated that 60-day statute of limitations would begin five days after the notice was sent. (Doc. #5-4)

As discussed in plaintiff's response to the pending motion, plaintiff attempted to initiated his civil action by filing his Civil Cover Sheet, Complaint, and Motion for Leave to File Action Without Payment of Fees, Costs or Security with Affidavit of Financial

Status in Support on December 7, 2007.  (See Doc. #6-2.)  That same day, a courtroom

deputy deleted all of Plaintiff's filings with the court, informing Plaintiff that the Complaint

could not be filed until the Motion was granted (Doc. #6-2). The courtroom deputy asked

Plaintiff to refile the documents as a Motion for Leave to Proceed In Forma Pauperis.

Plaintiff subsequently filed a Motion for Leave to Proceed In Forma Pauperis on

December 12, 2007. The Court denied plaintiff's motion on December 14, 2007, but

gave plaintiff until December 28, 2007, to pay the filing fee.  Plaintiff filed his Complaint

and paid his filing fee on December 20, 2007.

Thereafter, Defendant filed the pending Motion to Dismiss because the

December 12, 2007 Motion for Leave to Proceed In Forma Pauperis was filed after the

expiration of the 60-day deadline.

## II. STANDARD

For Social Security benefits claims,

> [a]ny individual, after any final decision of the Commissioner of Social
> Security made after a hearing to which he was a party, irrespective of the
> amount in controversy, may obtain a review of such decision by a civil
> action commenced within sixty days after the mailing to him of notice of
> such decision or within such further time as the Commissioner of Social
> Security may allow.

42 U.S.C. § 405(g).

The 60-day period can be tolled by the Commission or the court, however, if the

claimant is not responsible for the filing delay. "Generally, equitable circumstances that

might toll a limitations period involve conduct (by someone other than the claimant) that

is misleading or fraudulent." Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988).

## III. DISCUSSION

Defendant contends that Plaintiff's suit should be dismissed because the 60-day filing period ended on December 7, 2007, and Plaintiff's Motion to Proceed In Forma Pauperis appeared to have been first filed on December 12, 2007. Given the docket entries on ECF and the deletion of certain documents on December 7, 2007, it is unlikely that Defendant knew that plaintiff had first attempted to file his Motion to Proceed In Forma Pauperis and Complaint on December 7, 2007.

The December 7, 2007, filing is not on record because of a court employee's action, not because Plaintiff failed to timely initiate his case. The Court agrees that the courtroom deputy in this instance deleted the Complaint and Motion filed on December 7, 2007. The Plaintiff did attempt to file his Complaint on December 7, 2007, which was within the 60-day period. Given Plaintiff's attempt to file within the 60-day period, and given that Plaintiff's first filing was deleted by a court employee and not through any action of the Plaintiff, the Court finds that Defendant's Motion to Dismiss (Doc. # 5) should be **DENIED.**

Date:   4/3/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge